IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

May 21, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

STEWART WAYNE PAIT            )   SEVIER COUNTY
                             )   03A01-9808-CH-00274
     Plaintiff-Appellant      )
                             )
                             )
     v.                       )   HON. TELFORD E. FORGETY, JR.,
                             )   CHANCELLOR
                             )
CITY OF GATLINBURG and        )
HARRY MONTGOMERY              )
                             )
     Defendants-Appellees     )   AFFIRMED AND REMANDED


STEWART WAYNE PAIT, Pro Se, APPELLANT

RONALD E. SHARP OF SEVIERVILLE FOR APPELLEES


O P I N I O N


                                        Goddard, P.J.


        Plaintiff Stewart Wayne Pait appeals a judgment of the

Chancery Court for Sevier County which dismissed his suit seeking

certain information he contended was possessed by the Defendants

in connection with his criminal conviction for solicitation to

commit first degree murder and forgery.


        In an earlier appeal of this case, we held under the

authority of Cole v. Campbell, an unpublished opinion of this

Court filed in Nashville on December 18, 1996, that Mr. Pait lacked standing to prosecute the case. However, Mr. Pait's application for appeal from this Court's prior decision was granted by the Supreme Court, and under the authority of the Supreme Court's decision in <u>Cole v. Campbell</u>, filed in Nashville on April 13, 1998, the determination of this Court was reversed and the case remanded to the Trial Court for proceedings consistent with the Supreme Court's opinion.

Mr. Pait raises two principal issues on appeal. The first contends the Trial Court was in error in dismissing his suit and this Court was in error in issuing a writ of execution for appellate court costs incident to the earlier appeal.

As to the first issue, after a full evidentiary hearing in which Mr. Pait participated, the Trial Court found that written statements of witnesses sought by Mr. Pait which were taken by one of the officers involved in the criminal investigation were not in existence because the statements were oral. As to the second, seeking tapes of a recording made by an individual aiding the police investigation, which implicated Mr. Pait, the Court found that neither the City of Gatlinburg nor its Chief of Police, Harry Montgomery, had possession of the tape and that it was most likely in the office of the Tennessee Bureau of Investigation, the Attorney General or the Clerk of the Criminal Court.

The evidence does not preponderate against the Trial Court's finding of fact and we concur in his determination that the Defendants could not be ordered to produce material that they did not possess.

As to the second issue, contrary to Mr. Pait's assertion, it appears the execution was issued by the Supreme Court rather than this Court and Mr. Pait's complaint with regard thereto has been specifically addressed by the Supreme Court in an order entered on December 15, 1998, wherein Justice Drowota, speaking for the Court, refused to stay the writ of execution seeking collection thereof.

We also observe that prosecuting a case in forma pauperis does not relieve an indigent from being liable for court costs but, instead, from being required to make a bond prior to prosecuting their claims.

Mr. Pait also raises as a third issue that the Defendants violated T.C.A. 61-404 and 405, as well as T.C.A. 10-7-506 relative to public records. The complaint raised as to this issue is resolved in our determination of the first two issues.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mr. Pait.

3

                                  _____
                                  Houston M. Goddard, P.J.


CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.